### LONG, et al. v. CLEVELAND TRUST COMPANY, As Trustee, et al.

Common Pleas Court, Cuyahoga County.

No. 616412.   Decided March 2, 1951.

Calfee, Fogg, McChord & Halter, John McChord, Cleveland, for plaintiffs.

Douglas, Stark, Jett & Biechele, R. S. Douglas, Cleveland, for defendant Cleveland Trust Co.

Henry A. Hawgood, Cleveland, for guardian ad litem.

### OPINION

By HOOVER, J.

The question raised in this declaratory judgment action is whether the power to revoke an inter vivos trust includes the power to amend it.

In 1926, six settlors created a written living trust. Their mother was to receive the income during her life. She recently died. On her death, the six settlors were to receive the income. The six settlors are all alive and plaintiffs here. On

the death of a settlor, there is an intricate plan for distribution of income to others. The trust automatically terminates 20 years after the death of the last survivor of the six settlors, at which time the corpus is distributable to beneficiaries then entitled to income.

The trust agreement provides that after the death of settlor's mother, "this trust may be terminated at any time by" two specifically named settlors "by their joint action, evidenced by written instrument signed by both of them" and that upon such termination the trust assets shall be distributed to the beneficiaries then entitled to receive the income. Thus, if the trust were to be so terminated at this moment, the six settlors would be entitled to the trust assets absolutely.

The trust agreement contains a provision regarding payment of taxes on a settlor's death. Settlors claim that a possible interpretation of this provision would contravene their original intent and would defeat one of the main purposes of the trust. They seek to change this provision and ask whether they have the power to amend the trust agreement.

Seven other plaintiffs join with the six settlor plaintiffs. These thirteen are all the living adults who have an interest in the trust. The seven individual defendants represented by a guardian ad litem are all the living minors who have an interest. The defendant corporate trustee avers that it does not know whether this power to revoke includes the power to amend, but it has indicated its willingness to continue as trustee if such power exists and the proposed amendment is made pursuant thereto.

Unquestionably the six settlors have the power to achieve indirectly the very substantive result here sought to be attained directly. No one could complain if the two settlors to whom the trust instrument gives the right of revocation, exercised that right. No one could complain because the six settlors then got ownership of the trust assets. No one could complain if the six settlors, with those same assets and with the same trustee, then created a new trust exactly the same as the first trust with the desired modification.

In this practical world there is no reason why, with the approval of the six settlors, this same substantive result cannot be achieved in the direct way.

If one desires to remodel a 50-story building by taking off a five-story tower and replacing the tower with six new floors, and if he has the larger power to tear the building down completely, to rebuild the first 45 floors exactly as they were and to put the six new floors on top, must he be driven to demolish the whole building? Isn't it more reasonable to say that the

larger power includes the lesser power just to tear off the tower and put the six new stories on top the original first forty five? Remodeling a trust shouldn't be much different. Law professes to be reasonable and to get at substance. Here is a chance to put profession into practice.

Respectable authorities concur: 3 Scott on Trusts, 1811-12, Sec. 331.1; 2 Restatement, Trusts 1001-02, Sec. 331, Comment g.; Chase National Bank, etc. v. Mackenzie, 76 N. Y. S. 2d 19; Russell's Ex'rs v. Passmore, 127 Va. 475.

It is immaterial that the larger power resides in six persons, or that only two of the six settlors can revoke the original trust, or that it would take all six to create a new trust of the same property. The important thing is that all who have a say in the total power, approve the modification. If all six consent, they can amend the trust.